[Cite as *Moralevitz v. Gaul*, 2015-Ohio-3772.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102834**

# WILLIAM MORALEVITZ

RELATOR

vs.

# THE HONORABLE DANIEL GAUL

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Procedendo
Motion No. 484967
Order No. 487134

**RELEASE DATE:** September 11, 2015

**FOR RELATOR**

William Moralevitz, pro se
Inmate #155102
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, OH 45601

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
       Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, OH   44113

MARY EILEEN KILBANE, J.:

{¶1} In the underlying case, *State v. Moralevitz,* Cuyahoga C.P. No. CR-79-046208-ZA, in 1979, a jury found Moralevitz guilty of kidnapping and three counts of gross sexual imposition against a seven-year-old girl. The trial court imposed consecutive sentences of 5 to 15 years for kidnapping and 3 to 10 years for the gross sexual imposition counts. On appeal, this court affirmed the convictions. *State v. Moralevitz,* 70 Ohio App.2d 20, 433 N.E.2d 1282 (8th Dist. 1980). In 1979, Moralevitz also filed a petition for relief from judgment that the trial court denied within a month. Moralevitz then moved to vacate the judgment and for court records without costs. The trial court ruled that the motion for court records was moot and denied his motion for postconviction relief in 1982. In 1985, Moralevitz filed a motion for a trial transcript. When the trial court denied that motion, Moralevitz commenced a mandamus action to reverse his convictions because the trial court had improperly denied him access to his transcript. This court dismissed the mandamus action. *State ex rel. Moralevitz v. Jones*, 8th Dist. Cuyhoga No. 51276 (Dec. 23, 1985).

{¶2} On September 22, 2014, Moralevitz filed a motion for discovery in the underlying case. When the trial court did not rule on this motion, Moralevitz on April 2, 2015, commenced this procedendo action against the respondent, Judge Daniel Gaul, to compel the judge to rule on the motion so he "can continue to litigate this matter before the Court." (Moralevitz's complaint for procedendo.) On April 15, 2015, the respondent judge denied the subject motion. Noting that Moralevitz sought the

discovery to appeal, Judge Gaul reasoned that because Moralevitz's convictions had already been appealed and affirmed, the subject motion for discovery was a nullity. This journal entry, attached to the judge's motion for summary judgment, establishes that he has proceeded to judgment on the subject motion and that this procedendo action is moot.

{¶3} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶4} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR